IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 3:10CR170-7-HEH |
| | ) |
| MARK STEVEN FIEL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
(Defendant's Omnibus Motion for Notice of the Government's Intent to Use Evidence at Trial, Request for Evidence Under Rule 16, For a Bill of Particulars Under Rule 7, Protective Order Against Taping and Overhearing the Accused's Telephone Conversations While in Custody, Motion to Unseal the 2008 Search Warrant, and Request for Timely Disclosure of all *Brady* and *Giglio* Disclosures)

The Defendant, Mark Steven Fiel, was indicted by a federal grand jury on June 10, 2010, in a three-count Indictment, charging Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d) (Count 1); Conspiracy to Commit Violence in Aid of Racketeering, 18 U.S.C. § 1959(a)(6) (Count 2); and Witness Tampering, 18 U.S.C. § 1512(b)(3) (Count 6). The matter is presently before the Court on Defendant's pretrial motions requesting Notice of the Government's Intent to use Evidence at Trial, Request For Evidence Under Rule 16, For a Bill of Particulars Under Rule 7, Protective Order Against Taping and Overhearing the Accused's Telephone Conversations While in Custody, to Unseal the 2008 Search Warrant, and Request for Timely Disclosure of all *Brady* and *Giglio* Disclosures. Both the Defendant and the government have filed memoranda supporting their respective positions. With respect to those motions addressed below, the Court will dispense with oral argument because the

facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

The Court will turn first to the Defendant's motions for discovery under Federal Rules of Criminal Procedure 12(b)(4)(B) and 16. The Defendant prefaces his requests by explaining that the government has refused any discovery "except on its own terms and those terms, as stated, impermissibly compromised Mr. Fiel's constitutional rights." (Def.'s Omnibus Mot. 2.) Counsel for the Defendant indicates that he has met and conferred with the Assistant United States Attorneys assigned to this case, to no avail. In exchange for what almost amounts to open file discovery, the prosecutors have required that counsel for the Defendant execute an agreed discovery order.

It appears that counsel for the other twenty-five defendants in this case have entered into such a discovery agreement with the government and immediately received in excess of 250 investigative reports, over 200 hours of recorded statements, and other discovery—far beyond that required by Rule 16. In fact, the discovery order, which the United States urges the defense counsel to sign, is used in over ninety-nine percent of the criminal cases in the Eastern District of Virginia. Counsel for the Defendant, a very experienced trial lawyer, as is his right, has determined that it is not in his client's best interest to enter into such a discovery agreement. The Defendant's considered decision not to participate in this commonly accepted discovery process, however, will not preclude him from receiving the discovery he is entitled to under Rule 16. The Court will therefore

require the United States to supply the Defendant with all information, documents, and evidence required under Fed. R. Crim. P. 16(a)(1)(A–G). If the Defendant elects to accept the government's disclosures under Rule 16(a)(1)(E), (F), or (G), the Defendant must provide the government with reciprocal discovery pursuant to Fed. R. Crim. P. 16(b)(1)(A–C). This exchange of material should occur as soon as practicable, or not later than five days from entry of this Memorandum Opinion and accompanying Order.

As a subsidiary part of the Defendant's request for discovery, he urges the Court to require "notice of the government's intent to use evidence at trial under Rule 12(b)(4)(B)." (Def.'s Omnibus Mot. 1.) The disclosure requirements of Rule 12(b)(4)(B) are coextensive with that required under Rule 16(a)(1)(E). The office of Rule 12(b)(4)(B) is to place the defendant on notice of any evidence that may be the subject of a pretrial motion. Under the disclosure schedule delineated above, the defense will have ample opportunity prior to trial to move to suppress any evidence disclosed by the government, pursuant to Rule 16(a)(1)(E). Therefore, the Defendant's request under Rule 12(b)(4)(B) is subsumed by the disclosure requirements recited above.

Next, the Defendant requests "a Bill of particulars under Rule 7(f), as to the prior bad acts, the 404(b) evidence, that the government intends to introduce at trial, and to require that it be produced immediately, and not on the eve of trial . . . ." (Def.'s Omnibus Mot. 2.) The government, in its response, represents that it is presently unaware of any prior bad acts or 404(b) evidence that it intends to introduce at trial. If the government

3

later discovers such evidence, it must be provided to the Defendant no later than fourteen days prior to trial.

Closely allied with the preceding requests for discovery is the Defendant's Request for Timely Disclosures of all *Brady* and *Giglio* Disclosures. In his supporting memorandum, the Defendant delineates a host of generic categories of information and documents which could potentially be exculpatory. Motions seeking exculpatory, impeachment, and mitigating evidence are self-executing. The Defendant's Motion puts the government on notice that certain materials and information that may be in their possession could be exculpatory and should be examined carefully. The Defendant's request is sufficient to draw the government's attention specifically to the materials requested. *See United States v. Billups*, 692 F.2d 320, 325–26 (4th Cir. 1982). The government therefore has the burden to determine whether or not such information is disclosable under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196–97 (1963). If, on careful review, the government determines that the information requested is material and favorable to the Defendant, it has a duty to disclose them in a timely manner.

The Defendant appears to adopt a more expansive interpretation of exculpatory evidence than envisioned by *Brady*. In fact, a number of his requests closely resemble interrogatories, such as those seeking his specific role in certain alleged events; a description of charitable acts by the Outlaws; the rules of engagement for arresting the Defendant; and the adequacy of medical treatment the Defendant has received while in

custody. Much of this information appears on its face to be irrelevant in the context of the criminal charges before the Court. Materiality is a critical element of the disclosure requirement articulated in *Brady*. *Wood v. Bartholomew*, 516 U.S. 1, 5–6, 116 S. Ct. 7, 10 (1995).

As the Fourth Circuit cautioned in *United States v. Polowichak*, *Brady* should not be construed as a pretext to simply broaden the boundaries of discovery. *Polowichak*, 783 F.2d 410, 414 (4th Cir. 1986). *Brady* did not create a criminal right analogous to discovery in a civil case. *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S. Ct. 837, 846 (1977).

In enforcing the disclosure requirements mandated by *Brady*, courts have divided exculpatory evidence into two categories—that demonstrating actual innocence and that which affects the weight, value, and credibility of the prosecution evidence. *United States v. Bagley*, 473 U.S. 667, 676, 105 S. Ct. 3375, 3380 (1985); *United States v. Beckford*, 962 F. Supp. 780, 788 (E.D. Va. 1997). The former should be disclosed promptly; the latter in time to be of use at trial, but not later than ten days before trial.

The Defendant is also entitled to any evidence or information tending to discredit or impeach the credibility of any government witness. *Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 766 (1972). *Giglio* material must be furnished to defense counsel not later than ten days before trial.

On another front, the Defendant seeks a protective order barring the Northern Neck

Regional Jail from recording his telephone conversations while in custody. The recording of telephone conversations in which detainees are parties is a uniform practice in almost all detention facilities. This policy is not intended to gather evidence, but as a safeguard measure to prevent breaches in security. A detainee has no constitutionally-recognized expectation of privacy with respect to such conversations. *See Hudson v. Palmer*, 468 U.S. 517, 525–26, 104 S. Ct. 3194, 3199–200 (1984); *United States v. Hammond*, 286 F.3d 189, 192 (4th Cir. 2002).

In its response, the government has indicated that attorney-client conversations are neither monitored nor reviewed, and the Court would not permit such a practice absent the most extraordinary of circumstances. Otherwise, the jail's policy is not only constitutionally sound, but essential to institutional security. Accordingly, the Defendant's Motion for a Protective Order will be denied.

Next the Defendant requests that the affidavit in support of a search warrant for Defendant's home and vehicles, issued in April 2008, be unsealed and made available for inspection. In its response, the government agrees to arrange for the unsealing of the affidavit and to provide a copy to counsel for the Defendant. The Defendant's Motion to Unseal the 2008 Search Warrant will therefore be granted. The Defendant will be granted leave to file any additional motions pertaining to the affidavit or resulting search within ten days of receiving a copy of the affidavit.

Finally, the Defendant has filed additional Motions to Dismiss Count One, to Sever

Additional Counts and Defendants, and Leave to File Additional Motions After Discovery Has Finally Been Produced. The Court will reserve judgment on these Motions pending oral argument on September 2, 2010 at 10:00 a.m.

An appropriate Order will accompany this Memorandum Opinion.

                                        /s/
                                Henry E. Hudson
                                United States District Judge

Dated: Aug. 19, 2010
Richmond, Virginia