# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:10CR170-7–HEH |
| ) | |
| MARK STEVEN FIEL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

In this Court's Memorandum Opinion and accompanying Order of August 19, 2010, it required "the United States to supply the Defendant with all information, documents, and evidence required under Fed. R. Crim. P. 16(a)(1)(A–G). If the Defendant elects to accept the government's disclosures under Rule 16(a)(1)(E), (F), or (G), the Defendant must provide the government with reciprocal discovery pursuant to Fed. R. Crim. P. 16(b)(1)(A–C)." (Mem. Op. 3, Aug. 19, 2010.)

The government has indicated to the Court that it "stands ready to turn over this discovery," but now seeks a protective order pursuant to Fed. R. Crim. P. 16(a) and (d)(1). In support, the government represents that the materials it is prepared to turn over far exceed those required under Rule 16, but that many of the reports are confidential or law- enforcement sensitive, and that dissemination to third parties could jeopardize the safety of the agents in the investigation. The government further asserts that the reports detail statements made by people not currently charged but presently under investigation. Uncontrolled dissemination of these documents, in the government's view, could

jeopardize the government's investigation or cause embarrassment to uncharged persons.

Counsel for the Defendant objects to the government's request for a protective order on the principal ground that it would impede his client's ability to independently review the 350 plus investigative reports and over 200 hours of videotapes. It is the intention of counsel for the Defendant that these discovery materials be examined by his client at the Northern Neck Regional Jail, where he is presently confined, without the presence of counsel. Even if the Court were inclined to permit such an inspection of documents by the Defendant, neither the regulations of the Northern Neck Regional Jail, nor any detention facility in this judicial district, would permit a detainee to have that volume of material in his or her possession. Moreover, no detention facility would be willing to assume the responsibility for safeguarding the confidentiality or integrity of such materials for the Defendant's benefit.

At this point, the discovery process in this case is at a total standoff. Finding some merit in each side's position, the Court will fashion a remedy that appears to accommodate the interests of both the government and the Defendant. The Court will direct the U.S. Marshal to arrange for the transportation of the Defendant from the Northern Neck Regional Jail to the lockup facility at the U.S. Courthouse in Richmond, Virginia, for a reasonable number of days to enable the Defendant to review the discovery materials in this case. The Defendant will be given controlled access to the discovery documents and recorded conversations as provided by the United States Attorney's

Office. The United States Marshal will not be responsible for storing or maintaining any documents or materials beyond normal office hours each day. The government and counsel for the Defendant should contact Supervisory Deputy U.S. Marshal Tony Nelson in the U.S. Courthouse in Richmond to develop the details of this process.

In order to provide reasonable protective measures to prevent improper dissemination of discovery materials, access should be limited to counsel for the Defendant and persons assisting in the defense of this case. Such materials shall be used by the defense solely and exclusively in connection with this case. At the conclusion of the trial of this case, or any subsequent direct appeal, the defense shall promptly return to the government all discovery documents and hard drives, along with any duplicate copies created by the defense.

Counsel for the Defendant may use and retain copies of the discovery materials subject to the limitations of this Order. Defendant must review the discovery materials only in the U.S. Courthouse, and he cannot take any discovery materials outside of that facility.

If issues should arise concerning the implementation of this Memorandum Order, the government and counsel for the Defendant should immediately contact U.S. Magistrate Judge M. Hannah Lauck, who will supervise its execution.

The Clerk is directed to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

/s/
Henry E. Hudson
United States District Judge

Date: Aug. 25, 2010
Richmond, VA